# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Ben Looney,

        Plaintiff

    v.

Heidi Meyer, et al.,

        Defendants

Case No. 3:15CV188

**ORDER**

This is a personal-injury case arising from an automobile accident on I–75 in Wood County, Ohio. (Doc. 4 at ¶¶8–16).

Trial is set to begin on Tuesday, January 9, 2018.

Pending is a motion in limine by plaintiff Ben Looney to exclude all evidence of "collateral source benefits, workers' compensation, pensions, and social security benefits." (Doc. 30). For the following reasons, I grant the motion in part and deny it in part.

### A. Collateral-Source Rule

Under Ohio law, which controls in this diversity case, a defendant may not use evidence of payments that a collateral source (usually an insurance company or a workers-compensation program) made on the plaintiff's behalf to reduce her liability for the damages that her negligence proximately caused. *Ginn v. Stonecreek Dental Care*, --- N.E.3d ----, 2017-Ohio-4370, ¶18 (Ohio App.); *see also* O.R.C. § 2315.20(A).

This principle is known as the collateral source rule, and it "assure[s] that the tortfeasor does not benefit, by way of a reduced damage award, from payments that the plaintiff receives from an independent third party." *Caruso v. Leneghan*, 2014-Ohio-1824, ¶15 (Ohio App.).

Accordingly, the defendants may not introduce "evidence of any amount payable as a benefit to the plaintiff as a result of the damages that result from" a defendant's negligence from any "source of collateral benefits [that] has" a subrogation right. O.R.C. § 2315.20(A).

### B. Write-Offs

In a trio of cases, however, the Ohio Supreme Court has considerably cut back the protection that the collateral-source rule affords.

In *Robinson v. Bates*, 112 Ohio St. 3d 17, 23 (2006), the court held that evidence of the difference between "the original amount of a medical bill and the amount accepted as the bill's full payment is not a 'benefit' under the collateral-source rule."

For that reason, the court explained, the common-law collateral-source rule does not prevent defendants from introducing "evidence of the amount accepted by a medical care provider from an insurer as full payment for medical or hospital treatment" to prove the reasonable value of such treatment. *Id.* at 18. This is so, even though the amount accepted to satisfy a medical bill says more about modern-day insurance practices than, from the provider's standpoint, the reasonable value, in light of the treatment the provider deemed necessary to treat the plaintiff's injuries, of the plaintiff's medical expenses.

Moreover, as one commentator has observed, *Robinson*'s write-off rule "will likely lead to lower economic damage awards as a result of the reductive nature of write-offs. If a jury uses the reduced fees as indicators of the 'reasonable and necessary' value of the treatment, it will drastically

2

lower the plaintiff's economic damage award[.]" Hanson, *Ohio's Collateral Source Rule Following* Robinson v. Bates *and the Enactment of Ohio Revised Code Section 2315.20*, 40 U. TOL. L. REV. 711, 733 (2009).

The situation would worsen, moreover, were the defense able to argue that the jury should view the discounted amount, rather than the billed amount, as the benchmark for assessing the nature, extent, and consequences of the plaintiff's injuries when fixing just compensation for those injuries (rather than simply as his recovery for medical expenses). Allowing the defense to do so, especially *vis-a-vis* non-economic damages, would give it an undeserved, and unjustifiable, windfall.

The court extended *Robinson* in *Jacques v. Manton*, 125 Ohio St. 3d 342 (2010).

There the court held that O.R.C. § 2315.20, which abrogated the collateral-source rule by permitting defendants to introduce evidence of non-subrogated collateral-source payments, does not apply to write-offs.

Finally, in *Moretz v. Muakkassa*, 137 Ohio St. 3d 171 (2013), the court held that evidence of the amount accepted in satisfaction of a bill is admissible without the need for expert testimony.

In light of these cases, the defendants may introduce, to limit plaintiff's recovery *vis-a-vis* reasonably and necessarily incurred medical expenses, evidence of the amount that plaintiff's medical providers accepted as full payment. The evidence is admissible to prove only "the reasonableness and necessity *of charges rendered for medical and hospital care*." *Jacques*, *supra*, 125 Ohio St. 3d at 345 (emphasis supplied).

### C. Relevance of the Write-Offs for Other Purposes

However, the amounts accepted to satisfy plaintiff's medical bills are not relevant to the jury's task of determining just and fair compensation for plaintiff's injuries and their consequences,

including past and future pain and suffering. Accordingly, the defendants may not rely on the write-offs to argue or to suggest to the jury in any way that those reduced figures represent a fair and accurate assessment of plaintiff's overall non-economic damages.[1]

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

---

[1] In fact, I may instruct the jury that, in determining plaintiff's just and fair compensation for his injuries and their consequences, including past and future pain and suffering, the jury may consider the amount billed, but not the amount accepted, in addition to the other evidence of record.